**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| JOHN L. PATE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:17-CV-77 (MTT) |
| ) | |
| PRECHECK, INC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

**I. MOTION FOR REMAND DENIED**

Plaintiff John L. Pate move to remand this case back to the Magistrate Court of Houston County, Georgia. Doc. 5. Pate argues that "[r]emand is appropriate because there is no basis for this Court to exercise jurisdiction over the state law claims alleged by the Plaintiff in his Complaint." *Id.* at 1. Pate acknowledges that he brought a claim under "the Fair Credit Reporting Act, 15 U.S.C. § 1681," and "[a]n action to enforce any liability created under [the FCRA] may be brought in any appropriate United States district court, without regard to the amount in controversy." *Id.* at 2 (quoting 15 U.S.CA. § 1681p). Pate recognizes that "28 U.S.C. § 1441(a), authorizes a defendant to remove from state court to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Id.* at 2 (quoting 28 U.S.C. § 1441(a)).

But Pate emphasizes that jurisdiction over an FCRA claim is also proper in "any other court of competent jurisdiction," such as the Magistrate Court. *Id.* at 2 (quoting 15 U.S.CA. § 1681p). Pate argues that "[b]ecause the Fair Credit Reporting Act allows for claims to be filed in state courts, and a full two-thirds of the original claim against the Defendant are for alleged violations of state law, the Plaintiffs [sic] right to relief is not

dependent upon resolution of a substantial question of federal law; therefore, this Court does not have original jurisdiction over this civil action." *Id.* Pate is wrong.

Removal of an action containing state law claims is proper so long as the state law claims form part of the same case or controversy as an accompanying federal claim. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997); *see also* 28 U.S.C. §§ 1367(a), 1441(a). Pate's FCRA claim is a federal claim. Pate's motion for remand is accordingly **DENIED**.

## II. NOTIFICATION OF DUTY TO RESPOND

Defendant Precheck, Inc. (Precheck) filed a motion to dismiss and a brief in support thereof on February 27, 2017. Doc. 4. In an effort to afford Pate, who is proceeding pro se, adequate notice and time to respond to Precheck's motion, the following notice is given.

When considering a motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do." Id. Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

### A.    Right to Amend the Complaint

Precheck's motion to dismiss alleges there are certain deficiencies in Pate's complaint.  In some situations, deficiencies in a complaint may be cured with a more carefully drafted complaint.  Under Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff "may amend its pleadings once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ."  If Pate thinks, based on Precheck's motion to dismiss, that a more carefully drafted complaint or more specific allegations would state a claim, he has 21 days to amend his complaint.  Pate should be aware that a dismissal could prevent him from refiling his claims if the running of the applicable statute of limitations would bar further litigation.  *Brennan v. Comm'r, Ala. Dep't of Corr.*, 626 F. App'x 939, 946 n.4 (11th Cir. 2015).  Pate should, therefore, take the opportunity to amend his complaint to cure, if possible, the deficiencies addressed in Precheck's motion to dismiss.

### B.    Right to File Response Brief

Under the procedures and policies of this Court, motions to dismiss are normally decided on briefs.  Pate may submit his argument to this Court by filing a brief opposing Precheck's motion to dismiss.  Unless the Court has granted prior permission, any brief should not exceed 20 pages.  M.D. Ga. Civ. R. 7.4.

### C.    Consequences for Failing to Respond or Amend

**FAILURE OF PATE TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN PRECHECK'S BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**

The Court could grant judgment to Prechecks and there would be no trial or further proceedings.  Accordingly, Pate is **NOTIFIED** of his right to amend his complaint and submit a response brief.  As explained above, if Pate fails to amend his complaint and the applicable statute of limitations has expired since he filed the original complaint, the Pate will be barred from refiling following dismissal.  If Pate fails to file a brief in

opposition to the motion to dismiss, a final judgment may be rendered against him if otherwise appropriate under law.  Any amendment or response brief must be filed **WITHIN 21 DAYS** of the date Pate was served with Precheck's motion to dismiss.  Fed. R. Civ. P. 15(a)(1)(B); M.D. Ga. Civ. R. 7.2.  Thereafter, the Court will consider Precheck's motion to dismiss and any opposition to the same filed by Pate and issue its ruling.

       **SO ORDERED**, this 7th day of March, 2017.

                            S/ Marc T. Treadwell
                            MARC T. TREADWELL, JUDGE
                            UNITED STATES DISTRICT COURT